

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § | CASE NO. 1:09-CR-26(2) |
| KARWASKI KARNEL MILES | § § § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz,* 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On June 9, 2009, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the Defendant, Karwaski Karnel Miles, on **Count Three** of the charging **Indictment** filed in this cause. Count Three of the Indictment charges that on or about June 21, 2008, in the Eastern District of Texas, Karwaski Karnel Miles, Defendant herein, acting individually and in concert with another, namely Ebony J. Robertson and an individual whose

identity is unknown to the Grand Jury, and with intent to defraud, did pass, utter, publish, and sell to an individual whose identity is known to the Grand Jury, a falsely made, forged and counterfeited obligation of the United States, that is, one or more Federal Reserve Notes in the denomination of one hundred dollars ($100), Series of 1996, Serial No. AB12067407Y, which he and the other said defendant(s) then knew to be falsely made, forged and counterfeited, all in violation of Title 18, United States Code, Sections 472 and 2.

Defendant, Karwaski Karnel Miles, entered a plea of guilty to Count Three of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b. That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

d. That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crime charged under 18 U.S.C. § 472.

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented the following evidence, which was admitted into the record at the plea hearing. *See Factual Basis and Stipulation*. The Government and the Defendant agreed that if this case were to proceed to trial, the Government would prove that Defendant is one and the same person charged in the Indictment and that the events described in Indictment occurred in the Eastern District of Texas. The Government would also prove each essential element of the charged offense beyond a reasonable doubt through the testimony of witnesses, including expert witnesses, and through admissible exhibits. Specifically, the parties stipulated that the Government would prove the following facts, through the following evidence:

Special Agent Mark Telge of the United States Secret Service and Detective Sergeant Tom Meadows of the City of Beaumont Police Department would each testify that on June 21, 2008, Defendant Karwaski Karnel Miles ("Miles"), accompanied by co-defendant Ebony Robertson, passed or attempted to pass a total of $2,300 in counterfeit United States currency at an H.E.B. store in Beaumont, Texas. Specifically, Sergeant Meadows would testify that he traveled to the H.E.B. store and interviewed witnesses in connection with the incident. He would testify that Courtney Rhymes, the H.E.B. teller on duty at approximately 5:30 p.m. on

3

June 21, 2008, explained a female later positively identified as co-defendant Ebony Robertson, appearing to be accompanied by two males (later positively identified as Defendant Miles and an unknown individual) purchased two Western Union money orders to be sent to "Kawarski Miles" in Baton Rouge, Louisiana. Robertson paid for these with thirteen (13) counterfeit $100 federal reserve notes of purported United States currency. Next, Defendant Miles purchased a $1000 Western Union money order to be sent to Keldrick Andrus in Lafayette, Louisiana. This transaction totaled $1079 for which Miles paid Rhymes $1080 in "cash" that contained ten (10) counterfeit $100 federal reserve notes of purported United States currency. (Sergeant Meadows' investigation disclosed that within thirty minutes of this transaction, Andrus Miles picked up the $1,000 money order in Lafayette, Louisiana.) Several hours later, Rhymes, while going through her cash drawer, discovered that all twenty-three (23) bills given to her by Miles and Robertson were counterfeit, and each contained the same serial number, namely serial number AB12067407Y.

Sergeant Meadows obtained these bills as well as an in-store video depicting the transactions. Sergeant Meadows and Special Agent Telge confirmed, and the parties stipulate, that the 23 notes were counterfeit. Defendant Miles agrees and stipulates that he passed, uttered, published or sold the counterfeit money with intent to defraud, that is, intending to cheat someone by making that person think the money was real.

Defendant, Karwaski Karnel Miles, also agreed with the facts set forth by the Government and signed the *Factual Basis and Stipulation*. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of

4

guilty.  The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count Three** of the charging **Indictment** on file in this criminal proceeding.  The Court also recommends that the District Court conditionally accept the plea agreement.[1]  Accordingly, it is further recommended that, Defendant, Karwaski Karnel Miles, be finally adjudged as guilty of the charged offense under Title 18, United States Code, Section 472.

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report.  At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence

---

[1] "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated."  FED. CRIM. P. 11(c)(3)-(5).

Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement. Defendant has the right to allocute before the District Court before imposition of sentence.

## **OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge

must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 12nd day of June, 2009.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE